IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-16-0429 |
| TARIK BROOKS, | * | UNDER SEAL |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Defendant Tarik Brooks was sentenced to a period of 151 months' imprisonment on April 12, 2017 for conspiracy to distribute and possession with intent to distribute cocaine base. (ECF No. 208.) Brooks has served slightly less than 40% of his sentence and is currently incarcerated at Federal Correctional Institution ("FCI") Elkton in Ohio. After the onset of the COVID-19 pandemic crisis, Brooks filed a *pro se* motion for compassionate release or reduction in sentence (ECF No. 443) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on March 4, 2021. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Brooks's motion will be DENIED.

Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion

1

on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

Brooks filed an administrative request for reduction in sentence with the warden of FCI Elkton, which was denied on July 2, 2020. (*See* ECF No. 443-1.) Therefore, the Court must determine: (1) whether Brooks has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

### I. *Extraordinary and Compelling Reasons*

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his or her term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original)

2

(quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). This Court has held, for instance, that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-0198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

Brooks argues that he presents extraordinary and compelling reasons for early release because he suffers from "asthma and elevated cholesterol." (ECF No. 443 at 3; *see also* ECF No. 444.) According to the Centers for Disease Control and Prevention ("CDC"), moderate-to-severe asthma is a condition that "might" increase one's risk of developing a severe case of COVID-19. *See* Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed June 22, 2021). Brooks has not provided any evidence that his asthma falls within the moderate-to-severe category. Additionally, high cholesterol is not listed as a condition that may increase an individual's risk of experiencing a severe case of COVID-19. *Id.*

It does not appear that Brooks's medical conditions sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief. *See United States v. Taylor*, Crim. No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) ("Fear of contracting the novel coronavirus while

incarcerated is not sufficient reason for granting compassionate release[.]"). The Court need not conclusively determine, however, that Brooks lacks an extraordinary and compelling reason for compassionate release because, as detailed below, the factors outlined in § 3553(a) do not permit his early release.

## II. Section 3553(a) Factors

Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

The Court has reviewed the § 3553(a) factors and finds that those factors do not favor Brooks's release. Brooks has served only about 36% of his 151-month sentence for distributing cocaine base and heroin, serious offenses that posed a danger to his community. (*See* ECF No. 208.) Indeed, Brooks's drug distribution was not limited to a single occurrence; he participated in an ongoing "drug trafficking conspiracy" whose members "operated an open air drug market" and various stash houses. (ECF No. 202 at 8.) Further, some "members of the conspiracy committed acts of violence" and "routinely carried firearms" in furtherance of this large-scale drug trade. (*Id.*)

Given Brooks's ongoing participation in an unlawful organization that sold dangerous drugs to the public and committed violent crimes in furtherance of its agenda, the Court is concerned that releasing him early would pose a danger to the public. Additionally, releasing

Brooks when he has served less than half of a substantial sentence for engaging in serious crimes would not adequately deter Brooks, or other individuals who are involved in Baltimore's destructive drug trade, from committing drug-related crimes in the future.

Denying compassionate release is not a decision the Court makes lightly. The Court acknowledges the very real danger posed by the COVID-19 pandemic and the serious concern that Brooks and his family undoubtedly feel. Were it within the Court's power to reduce that danger while still imposing a fitting sentence on Brooks, the Court would do so. But having considered the factors enumerated under § 3553(a), the Court finds that release at this time would be inappropriate and that the existing sentence is "sufficient, but not greater than necessary" to comply with the purposes of incarceration. 18 U.S.C. § 3553(a). Brooks's Motion for Compassionate Release (ECF No. 443) is accordingly DENIED.

DATED this 28 day of June, 2021.

BY THE COURT:

James K. Bredar
Chief Judge